

**SO ORDERED,**

*Jamie A. Wilson*

**Judge Jamie A. Wilson**
United States Bankruptcy Judge
Date Signed: July 11, 2025

The Order of the Court is set forth below. The docket reflects the date entered.

## UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF MISSISSIPPI

In re:

**JANETTE MARIE GRIFFIN,**                  Case No.: 25-00631-JAW
**DOTTIE GRIFFIN**
      DEBTORS.                                                         Chapter 13

### ORDER CONFIRMING CHAPTER 13 PLAN

The debtor's plan was filed on 03/10/2025 (date), and amended/modified by subsequent order(s) of the court, if any. The plan was transmitted to creditors pursuant to Bankruptcy Rule 3015. The court finds that the plan meets the requirements of 11 U.S.C. § 1325.

IT IS ORDERED THAT:

1. The debtor's chapter 13 plan attached hereto is confirmed.

2. The following motions are granted *(if any)*:

   a. Motion for valuation of security, payment of fully secured claims, and modification of undersecured claims made under Rule 3012 (§ 3.2 of the plan);
   b. Motion to avoid lien pursuant to Section 522 (§ 3.4 of the plan).

3. The stay under Section 362(a) is terminated as to the collateral only and the stay under Section 1301 is terminated in all respects regarding collateral listed in Section 3.5 of the plan *(if any)*.

4. All property shall remain property of the estate and shall vest in the debtor only upon entry of discharge. The debtor shall be responsible for the preservation and protection of all property of the estate not transferred to the trustee.

5. The debtor's attorney is awarded a fee in the amount of $4,000.00 of which $4,000.00 is due and payable from the estate.

##END OF ORDER##

Approved:                                                        Submitted by:

/s/ Thomas C. Rollins Jr.                          /s/ Harold J. Barkley, Jr     .
THOMAS C. ROLLINS, JR – MSB #103469     Harold J. Barkley, Jr. – MSB #2008
THE ROLLINS LAW FIRM PLLC                  Post Office Box 4476
P O BOX 13767                                           Jackson, MS 39296-4476
JACKSON, MS 39236-0000                      Phone: 601/362-6161
Phone: (601)500-5533                            e-mail : hjb@hbarkley13.com
e-mail: trollins@therollinsfirm.com

Fill in this information to identify your case:

| | |
|---|---|
| Debtor 1 | **Janette Marie Griffin** |
| | Full Name (First, Middle, Last) |
| Debtor 2 | **Dottie Griffin** |
| (Spouse, if filing) | Full Name (First, Middle, Last) |
| United States Bankruptcy Court for the | **SOUTHERN DISTRICT OF MISSISSIPPI** |
| Case number: | **25-00631** |
| (If known) | |

☑ Check if this is an amended plan, and list below the sections of the plan that have been changed.
**2.2, 3.2**

# Chapter 13 Plan and Motions for Valuation and Lien Avoidance                                12/17

**Part 1:** Notices

**To Debtors:** This form sets out options that may be appropriate in some cases, but the presence of an option on the form does not indicate that the option is appropriate in your circumstances or that it is permissible in your judicial district. Plans that do not comply with local rules and judicial rulings may not be confirmable. The treatment of ALL secured and priority debts must be provided for in this plan.

In the following notice to creditors, you must check each box that applies

**To Creditors:** Your rights may be affected by this plan. Your claim may be reduced, modified, or eliminated.

You should read this plan carefully and discuss it with your attorney if you have one in this bankruptcy case. If you do not have an attorney, you may wish to consult one.

If you oppose the plan's treatment of your claim or any provision of this plan, you or your attorney must file an objection to confirmation on or before the objection deadline announced in Part 9 of the Notice of Chapter 13 Bankruptcy Case (Official Form 309I). The Bankruptcy Court may confirm this plan without further notice if no objection to confirmation is filed. See Bankruptcy Rule 3015.

The plan does not allow claims. Creditors must file a proof of claim to be paid under any plan that may be confirmed.

The following matters may be of particular importance. **Debtors must check one box on each line to state whether or not the plan includes each of the following items. If an item is checked as "Not Included" or if both boxes are checked, the provision will be ineffective if set out later in the plan.**

| 1.1 | A limit on the amount of a secured claim, set out in Section 3.2, which may result in a partial payment or no payment at all to the secured creditor | ☑ Included | ☐ Not Included |
|---|---|---|---|
| 1.2 | Avoidance of a judicial lien or nonpossessory, nonpurchase-money security interest, set out in Section 3.4. | ☐ Included | ☑ Not Included |
| 1.3 | Nonstandard provisions, set out in Part 8. | ☐ Included | ☑ Not Included |

**Part 2:** Plan Payments and Length of Plan

2.1     Length of Plan.

The plan period shall be for a period of __**60**__ months, not to be less than 36 months or less than 60 months for above median income debtor(s). If fewer than 60 months of payments are specified, additional monthly payments will be made to the extent necessary to make the payments to creditors specified in this plan.

2.2     Debtor(s) will make payments to the trustee as follows:
            $1,072.00
Debtor shall pay __**$1,045.54**__ (☐ monthly, ☐ semi-monthly, ☐ weekly, or ☑ bi-weekly) to the chapter 13 trustee. Unless otherwise ordered by the court, an Order directing payment shall be issued to the debtor's employer at the following address:

            **Conduent**
            **1702 N Collins Blvd**
            **Richardson TX 75080-0000**

APPENDIX D                                              Chapter 13 Plan                                                 Page 1

| Debtor | Janette Marie Griffin<br>Dottie Griffin | Case number | 25-00631 |
|---|---|---|---|

Joint Debtor shall pay _____ (☐ monthly, ☐ semi-monthly, ☐ weekly, or ☐ bi-weekly) to the chapter 13 trustee. Unless otherwise ordered by the court, an Order directing payment shall be issued to the joint debtor's employer at the following address:

_____
_____
_____

**2.3    Income tax returns/refunds.**

    *Check all that apply*

    ☑ Debtor(s) will retain any exempt income tax refunds received during the plan term.

    ☐ Debtor(s) will supply the trustee with a copy of each income tax return filed during the plan term within 14 days of filing the return and will turn over to the trustee all non-exempt income tax refunds received during the plan term.

    ☐ Debtor(s) will treat income refunds as follows: _____

**2.4 Additional payments.**
   *Check one.*
   ☑ **None.** *If "None" is checked, the rest of § 2.4 need not be completed or reproduced.*

### Part 3:    Treatment of Secured Claims

**3.1    Mortgages. (Except mortgages to be crammed down under 11 U.S.C. § 1322(c)(2) and identified in § 3.2 herein.).**

   *Check all that apply*.
   ☑ **None.** *If "None" is checked, the rest of § 3.1 need not be completed or reproduced*.
   Insert additional claims as needed.

**3.2    Motion for valuation of security, payment of fully secured claims, and modification of undersecured claims.** *Check one.*.

   ☐ **None.** *If "None" is checked, the rest of § 3.2 need not be completed or reproduced.*
   **The remainder of this paragraph will be effective only if the applicable box in Part 1 of this plan is checked.**

   ☑ Pursuant to Bankruptcy Rule 3012, for purposes of 11 U.S.C. § 506(a) and § 1325(a)(5) and for purposes of determination of the amounts to be distributed to holders of secured claims, debtor(s) hereby move(s) the court to value the collateral described below at the lesser of any value set forth below or any value set forth in the proof of claim. Any objection to valuation shall be filed on or before the objection deadline announced in Part 9 of the Notice of Chapter 13 Bankruptcy Case (Official Form 309I).

   The portion of any allowed claim that exceeds the amount of the secured claim will be treated as an unsecured claim under Part 5 of this plan. If the amount of a creditor's secured claim is listed below as having no value, the creditor's allowed claim will be treated in its entirety as an unsecured claim under Part 5 of this plan. Unless otherwise ordered by the court, the amount of the creditor's total claim listed on the proof of claim controls over any contrary amounts listed in this paragraph.

| Name of creditor | Estimated amount of creditor's total claim # | Collateral | Value of collateral | Amount of secured claim | Interest rate* |
|---|---|---|---|---|---|
| Lend Nation | $1,242.56<br>~~$1,000.00~~ | 1999 Chevy Silverado | $20,000.00 | $1,242.56<br>~~$1,000.00~~ | 10.00% |

| Name of creditor | Estimated amount of creditor's total claim # | Collateral | Value of collateral | Amount of secured claim | Interest rate* |
|---|---|---|---|---|---|
| Veritas Federal Credit | $5,933.44 | 2004 Chervrolet Silverado 156100 miles | $7,177.00 | $5,933.44 | 10.00% |

| Debtor | Janette Marie Griffin  Dottie Griffin | | Case number | 25-00631 |
|---|---|---|---|---|

| Name of creditor | Estimated amount of creditor's total claim # | Collateral | Value of collateral | Amount of secured claim | Interest rate* |
|---|---|---|---|---|---|
| ***Veritas Federal Credit | $758.90 | cross-collateralized loan on 2004 Chervrolet Silverado | $1,243.56 remaining value | $758.90 | 10.00% |

*Insert additional claims as needed.*

#For mobile homes and real estate identified in § 3.2: Special Claim for taxes/insurance:

| Name of creditor | Collateral | Amount per month | Beginning |
|---|---|---|---|
| -NONE- | | | month |

* Unless otherwise ordered by the court, the interest rate shall be the current Till rate in this District

For vehicles identified in § 3.2: The current mileage is _____

**3.3    Secured claims excluded from 11 U.S.C. § 506.**

Check one.

☐ **None**. *If "None" is checked, the rest of § 3.3 need not be completed or reproduced.*
☑ The claims listed below were either:

(1) incurred within 910 days before the petition date and secured by a purchase money security interest in a motor vehicle acquired for the personal use of the debtor(s), or

(2) incurred within 1 year of the petition date and secured by a purchase money security interest in any other thing of value.

These claims will be paid in full under the plan with interest at the rate stated below. Unless otherwise ordered by the court, the claim amount stated on a proof of claim filed before the filing deadline under Bankruptcy Rule 3002(c) controls over any contrary amount listed below. In the absence of a contrary timely filed proof of claim, the amounts stated below are controlling.

| Name of Creditor | Collateral | Amount of claim | Interest rate* |
|---|---|---|---|
| Ally Financial, Inc | 2024 Nissan Altima 50421 miles | ~~$41,137.00~~  $41,070.35 | 10.00% |

*Unless otherwise ordered by the court, the interest rate shall be the current Till rate in this District.

*Insert additional claims as needed.*

**3.4    Motion to avoid lien pursuant to 11 U.S.C. § 522.**

Check one.

☑ **None.** *If "None" is checked, the rest of § 3.4 need not be completed or reproduced.*

**3.5    Surrender of collateral.**

Check one.

☐ **None.** *If "None" is checked, the rest of § 3.5 need not be completed or reproduced.*
☑ The debtor(s) elect to surrender to each creditor listed below the collateral that secures the creditor's claim. The debtor(s) request that upon confirmation of this plan the stay under 11 U.S.C. § 362(a) be terminated as to the collateral only and that the stay under § 1301 be terminated in all respects. Any allowed unsecured claim resulting from the disposition of the collateral will be treated in Part 5 below.

| Name of Creditor | Collateral | |
|---|---|---|
| Family Choice | Household Goods | Filed Unsecured |
| WFC | Household Goods | Filed Unsecured |

*Insert additional claims as needed.*

Mississippi Chapter 13 Plan    Page 3

| Debtor | Janette Marie Griffin<br>Dottie Griffin | Case number | 25-00631 |
|---|---|---|---|

### Part 4: Treatment of Fees and Priority Claims

**4.1 General**
Trustee's fees and all allowed priority claims, including domestic support obligations other than those treated in § 4.5, will be paid in full without postpetition interest.

**4.2 Trustee's fees**
Trustee's fees are governed by statute and may change during the course of the case.

**4.3 Attorney's fees.**

☑ No look fee: __4,000.00__

Total attorney fee charged: $**4,000.00**

Attorney fee previously paid: $**0.00**

Attorney fee to be paid in plan per confirmation order: $**4,000.00**

☐ Hourly fee: $____. (Subject to approval of Fee Application.)

**4.4 Priority claims other than attorney's fees and those treated in § 4.5.**

*Check one.*
☐ **None**. *If "None" is checked, the rest of § 4.4 need not be completed or reproduced.*
☑ Internal Revenue Service $**15,123.10** .
☐ Mississippi Dept. of Revenue $**0.00** .
☐ Other _____ $**0.00** .

**4.5 Domestic support obligations.**

☑ **None.** *If "None" is checked, the rest of § 4.5 need not be completed or reproduced.*

### Part 5: Treatment of Nonpriority Unsecured Claims

**5.1 Nonpriority unsecured claims not separately classified.**

Allowed nonpriority unsecured claims that are not separately classified will be paid, pro rata. If more than one option is checked, the option providing the largest payment will be effective. *Check all that apply.*
☐ The sum of $
☑ __100.00__ % of the total amount of these claims, an estimated payment of $__47,502.43__
☐ The funds remaining after disbursements have been made to all other creditors provided for in this plan.

If the estate of the debtor(s) were liquidated under chapter 7, nonpriority unsecured claims would be paid approximately $**9,875.00**
Regardless of the options checked above, payments on allowed nonpriority unsecured claims will be made in at least this amount.

**5.2 Other separately classified nonpriority unsecured claims (special claimants).** *Check one.*

☑ **None.** If "None" is checked, the rest of § 5.3 need not be completed or reproduced.

### Part 6: Executory Contracts and Unexpired Leases

**6.1 The executory contracts and unexpired leases listed below are assumed and will be treated as specified. All other executory contracts and unexpired leases are rejected.** *Check one.*

Mississippi Chapter 13 Plan      Page 4

| Debtor | Janette Marie Griffin | Case number | 25-00631 |
|---|---|---|---|
|  | Dottie Griffin |  |  |

☑ **None.** *If "None" is checked, the rest of § 6.1 need not be completed or reproduced.*

**Part 7:** **Vesting of Property of the Estate**

7.1   Property of the estate will vest in the debtor(s) upon entry of discharge.

**Part 8:** **Nonstandard Plan Provisions**

8.1   Check "None" or List Nonstandard Plan Provisions
☑ **None.** *If "None" is checked, the rest of Part 8 need not be completed or reproduced.*

**Part 9:** **Signatures:**

9.1   **Signatures of Debtor(s) and Debtor(s)' Attorney**
*The Debtor(s) and attorney for the Debtor(s), if any, must sign below. If the Debtor(s) do not have an attorney, the Debtor(s) must provide their complete address and telephone number.*

| X | /s/ Janette Marie Griffin | X | /s/ Dottie Griffin |
|---|---|---|---|
|  | Janette Marie Griffin |  | Dottie Griffin |
|  | Signature of Debtor 1 |  | Signature of Debtor 2 |
|  | Executed on   May 2, 2025 |  | Executed on   May 2, 2025 |
|  | 4255 Hwy 16 East |  | 4255 Hwy 16 East |
|  | Address |  | Address |
|  | Canton MS 39046-0000 |  | Canton MS 39046-0000 |
|  | City, State, and Zip Code |  | City, State, and Zip Code |
|  | Telephone Number |  | Telephone Number |

| X | /s/ Thomas C. Rollins, Jr. | Date | May 2, 2025 |
|---|---|---|---|
|  | Thomas C. Rollins, Jr. 103469 |  |  |
|  | Signature of Attorney for Debtor(s) |  |  |
|  | P.O. Box 13767 |  |  |
|  | Jackson, MS 39236 |  |  |
|  | Address, City, State, and Zip Code |  |  |
|  | 601-500-5533 | 103469 MS |  |
|  | Telephone Number | MS Bar Number |  |
|  | trollins@therollinsfirm.com |  |  |
|  | Email Address |  |  |